IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>9.89 ACRES OF LAND AND 0.33 ACRES  )<br>OF LAND, OWNED BY ELIZABETH LEE  )<br>TERRY,  )<br>  )<br>  Defendant.  ) | Civil Action No. 7:19-cv-00145<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Before the court are the following motions: (1) defendant's motion for reconsideration (Dkt. No. 84); (2) plaintiff Mountain Valley Pipeline's (MVP) motion for summary judgment (Dkt. No. 89); and (3) MVP's second motion in limine (Dkt. No. 98). Following a hearing on these motions (Dkt. No. 105) and for the reasons stated below, defendant's motion for reconsideration will be denied, MVP's motion for summary judgment will be granted, and MVP's second motion in limine will be denied as moot.

I. BACKGROUND

On October 13, 2017, the Federal Energy Regulatory Commission (FERC) issued an order for MVP to construct, maintain, and operate a natural gas pipeline along a route that includes the Property (the Approved Route). On October 24, 2017, MVP filed an action to condemn easements along the Approved Route on the Property under Section 7 of the Natural Gas Act, 15 U.S.C. § 717f. On October 27, 2017, MVP moved for partial summary judgment that it is authorized to condemn the easements and a preliminary injunction granting immediate possession for construction. On January 31, 2018, the court issued a memorandum opinion and order granting MVP's motion for partial summary judgment and conditionally granting MVP's motion for immediate possession upon a determination of appropriate security. On March 7, 2018, the court

set deposits and bonds for the Property and granted MVP immediate possession of the easements effective upon making the required deposit and posting the required bond.

Among the easements along the Approved Route, MVP is taking 0.33 acres of temporary workspace on MVP Parcel No. VA-RO-5228, owned by defendant Elizabeth Terry (the landowner). The total amount of land comprising VA-RO-5228 is 200 acres.

MVP is also taking 9.89 acres on MVP Parcel No. VA-RO-054, which includes 1.14 acres temporary access easement, 4.67 temporary workspace, 0.62 acres additional workspace easement, and 3.46 acres permanent easement. (Compl. ¶ 134.) Parcel No. VA-RO-054 is also owned by Ms. Terry. The total amount of land comprising VA-RO-054 is 160 acres. Parcel Nos. VA-RO-5228 and VA-RO-054 are non-contiguous.

On January 20, 2021, MVP moved to exclude testimony by defendant on the value of her property. (Dkt. No. 51.) MVP's motion was granted by oral order upon agreement of counsel. (Dkt. No. 55.)

On March 31, 2021, the court issued an opinion and order granting summary judgment to MVP as to the amount of just compensation for one of the parcels of land at issue in this case, MVP Parcel No. VA-RO-5228. (Dkt. Nos. 75, 76.) The court also granted in part, denied in part, and took under advisement in part MVP's first motion in limine. (Dkt. No. 75.) On September 27, 2021, the court issued an opinion and order addressing several more motions. (Dkt. No. 81.) The court granted MVP's motion to exclude experts, denied the landowner's motion to file supplemental memoranda regarding comparable sales and highest and best use, and granted MVP's motion in limine with respect to evidence of conceptual subdivision. (*Id.*)

Trial was set to begin on August 8, 2022, but MVP moved for leave to file a motion for summary judgment, and the landowners filed a motion to continue. (Dkt. Nos. 88, 93.) On July 18,

2022, the court granted MVP's motion for leave to file a motion for summary judgment and continued the trial generally. (Dkt. No. 96.)

## II.  ANALYSIS

### A.  Motion for Reconsideration

Rule 54(b) governs reconsideration of orders that do not constitute final judgments in a case. Fed. R. Civ. P. 54(b). Such motions "are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). "In considering whether to revise interlocutory decisions, district courts in this Circuit have looked to whether movants presented new arguments or evidence, or whether the court has obviously misapprehended a party's position or the facts or applicable law." *Cohens v. Md. Dep't of Human Res.*, 933 F. Supp. 2d 735, 742–43 (D. Md. 2013). The grounds for reconsideration of an interlocutory order under Rule 54(b) are (1) an intervening change in the law, (2) new evidence that was not previously available, or (3) correction of a clear error of law or to prevent manifest injustice. *Rivers v. Bowman*, No. 6:18-cv-00061, 2021 WL 4143752, at *1 (W.D. Va. Sept. 9, 2021).

The landowner asks the court to reconsider its decision granting MVP's motion to exclude her experts: Dennis Gruelle, Sean Horne, Linda DeVito, and Larry Florin. The court excluded Gruelle's opinion because, in opining as to the after-take value of the land, Gruelle relied upon three sales of property. Two of these sales, however, were sales wherein the value of the property was not affected by any pipeline encumbrance (one sale was pre-take and both were without knowledge of the pipeline project). (Dkt. No. 81 at 8–9.) Thus, his opinion was based on insufficient data and therefore unreliable. (*Id.*) The court excluded Horne's proposed testimony that the highest and best use for the subject property would be for a residential subdivision because the conceptual

3

subdivision was not legally permissible under the county's zoning ordinance. (*Id.* at 9–10.) "Roanoke County zoning requires frontage on a publicly owned and maintained road, and these experts[1] assume without evidence that the roads necessary to support the subdivision will be publicly owned and maintained." (*Id.* at 9.) The court excluded DeVito's testimony that lenders will withhold loans and individuals do not want to purchase properties with a pipeline because she failed to provide facts or data upon which her opinion was based and because she failed to link unwilling lenders or buyers to a diminution of the market value of defendant's parcel. Rather, her opinion was based on anecdotal conversations. (*Id.* at 11.) The court excluded Florin's testimony because he similarly failed to provide facts or data upon which his opinion was based and because his personal lack of interest in the property is not relevant to any effect on the market. (*Id.*)

In asking the court to reconsider its rulings, the landowner relies only upon arguments previously presented to the court. The court considered and rejected those arguments, and the landowner offers no reason or justification for the court to change its analysis. Therefore, the landowner's motion to reconsider will be denied.

**B. Motion for Summary Judgment**

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

---

[1] Gruelle relied on Horne's conceptual subdivision plan. (Dkt. No. 81 at 9.)

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. However, once the moving party makes this showing, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but the nonmovant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

Parties in condemnation proceedings may move for summary judgment pursuant to Rule 56 because Rule 71.1 does not provide otherwise. *United States v. 8.929 Acres*, 36 F.4th 240, 251–52 (4th Cir. 2022). Summary judgment is appropriately granted in a condemnation case when there is no genuine issue of material fact regarding the fair market value of the property to be taken. *See Equitrans, L.P. v. 0.56 Acres*, No. 1:15-cv-106, 2016 WL 3982479, at *1 (N.D.W. Va. July 22, 2016) ("Several courts have granted summary judgment for plaintiffs in condemnation actions regarding the amount of just compensation owed where there was no genuine issue of material fact regarding the fair market value of the property to be taken.") (collecting cases); *Mountain Valley Pipeline v. 1.89 Acres of Land* (*Briarwood*), Civil Action No. 7:19-cv-00078, 2019 WL 6467833, at *3 (W.D. Va. Dec. 2, 2019) (granting motion for summary judgment because without "any indication that these witnesses will testify about market value, there is no basis to find that there is a genuine issue of material fact on the before and after value of Briarwood's property").

Based on the court's exclusion of the landowner's proposed expert testimony, as well as the exclusion of landowner's testimony by agreement, the landowner does not have any admissible

5

evidence to prove diminution of value resulting from the pipeline. Therefore, there are no genuine issues of material fact, and MVP is entitled to summary judgment as to the amount of just compensation owed to the landowner. MVP disclosed appraisals from Jared Schweitzer and Joseph Thompson. (*See* Exs. 1, 2, Dkt. Nos. 89-1, 89-2.) Schweitzer found just compensation in the amount of $68,571 ($57,771 for the permanent easement and damage to the remainder, and $10,800 for market rent for the temporary easements). (Ex. 1.) Thompson found just compensation in the amount of $82,346 ($70,000 for diminution caused by the permanent easement, and $12,346 for market rent for the temporary easements). (Ex. 2.) MVP agrees to just compensation in the larger amount found by Thompson.

Thus, the court will grant MVP's motion for summary judgment and enter judgment accordingly. *See, e.g.*, *Mountain Valley Pipeline, LLC v. 0.15 Acres* (*Hale*), No. 7:19-cv-00181, 2020 WL 365506, at *4–6 (W.D. Va. Jan. 22, 2020) (granting MVP summary judgment on compensation in the amount of MVP's appraisal).

Because the court is granting summary judgment, MVP's second motion in limine (Dkt. No. 98) is moot.[2]

### III.  CONCLUSION AND ORDER

For the reasons stated herein, it is HEREBY ORDERED that defendant's motion to reconsider (Dkt. No. 84) is DENIED and MVP's second motion in limine (Dkt. No. 98) is DENIED AS MOOT. The court will issue a separate order granting MVP's motion for summary judgment and vesting title to MVP Parcel No. VA-RO-054. The clerk of court is directed to transmit a copy

---

[2] As the court has explained on various occasions, a jury view, standing alone, cannot create an issue of fact to preclude summary judgment for MVP on the amount of just compensation. *See Mountain Valley Pipeline, LLC v. 0.19 Acres of Land* (*Bohon*), Civil Action No. 7:19-cv-00146, 2022 WL 4484620, at *7 (Sept. 27, 2022) ("The landowners did not disclose any witnesses besides Gruelle, whose opinions are now excluded, to testify about value. The landowners suggested at the hearing that the jury view can be considered evidence. Jury views, however, cannot be the only evidence of value, and the court has instructed juries accordingly in other condemnation actions.").

of this memorandum opinion and order to all counsel of record.

    Entered: September 29, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge